**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00453
(3:13-cr-00163-FDW-1)**

| | |
|---|---|
| **PATRICIA DIANE CLARK,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court following receipt of Petitioner's response to the Court's Order [Doc. 11] requiring Petitioner to explain why her 28 U.S.C. § 2255 motion to vacate [Doc. 1] is not time-barred and, if it is time-barred, why equitable tolling should apply. For the following reasons, the Court dismisses the § 2255 petition as time-barred.

**I.   BACKGROUND**

Pro se Petitioner Patricia Diane Clark pled guilty to conspiracy to commit wire and mail fraud in violations of 18 U.S.C. §§ 1349, 2326(2)(A) and (B); wire fraud and aiding and abetting the same in violation of 18 U.S.C. §§ 1343, 2326(2)(A) and (B), and 2; and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). [Criminal Case No. 3:13-cr-163-FDW, Doc. 60 (Judgment)]. On August 11, 2015 this Court sentenced Petitioner to 130 months of imprisonment and ordered payment of restitution in the amount of $642,032.15. Judgment was entered on August 24, 2015, and Petitioner did not appeal. [Id.]. Petitioner placed her original petition in the prison system for mailing on July 28, 2018. [Doc. 1]. On March 3, 2019, Petitioner placed an amended petition in the prison mailing system. [Doc. 10]. Petitioner's sole claim for

relief relates to the ordered payment of restitution and sentencing points based on the restitution amount.[1]

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] There is a substantial question in this case as to whether Section 2255 could provide relief to Petitioner, in any event. Tyson v. U.S., No. 3:18-cv-175-GCM, 2018 WL 5636167, *12 (W.D.N.C. Oct. 21, 2018) ("Because restitution is a financial penalty, not a physical constraint on liberty, Petitioner may not challenge the order of restitution in a § 2255 proceeding.").

28 U.S.C. § 2255(f).

Here, as noted, judgment was entered in this action on August 24, 2015, and Petitioner did not appeal. [3:13-cr-163-FDW, Doc. 60]. Petitioner's conviction, therefore, became final for purposes of Section 2255(f) fourteen days after judgment was entered, on September 7, 2015. See Fed. R. App. P. 4(b). Petitioner did not file her Section 2255 motion to vacate, however, until nearly three years later, on July 28, 2018, when she placed the petition in the prison system for mailing. [Doc. 1].

On March 21, 2019, this Court entered an Order giving Petitioner 20 days in which to submit a memorandum explaining why her petition is timely or, if not, the reasons for why the Court should apply equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" U.S. v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S.Ct. 1605 (2004)).

Petitioner has filed a response to the Court's order, in which she contends that equitable tolling is warranted because Petitioner was not aware that she was able to file anything after sentencing and "was ignorant to the laws and rules at the time." [Doc. 12]. Ignorance of the law is not a basis for the application of equitable tolling. Sosa, 364 F.3d at 512 ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). As such, the application of equitable tolling to save Petitioner's petition is unwarranted and the petition will be dismissed as time-barred.

## IV.   CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is time-barred.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is dismissed with prejudice as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: May 8, 2019

_____
Frank D. Whitney
Chief United States District Judge